**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ruben COTA–BECERRA,**
**Defendant–Appellant.**

No. 09–30338.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Oct. 13, 2010.

James Edmund Seykora, Esquire, Assistant U.S. Attorney, USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Jessica T. Fehr, Esquire, Assistant U.S. Attorney, USBI–Office of the U.S. Attorney, Billings, MT, Jason Trinity Holden, Faure Holden Attorneys at Law, P.C., Great Falls, MT, for Defendant–Appellant.

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

298

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Ruben Cota–Becerra appeals from the 360–month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cota–Becerra contends that the district court erred by enhancing his sentence four levels, under U.S.S.G. § 3B1.1(a), for his organizer or leader role in the offense. The record reflects that the district court did not err in finding that Cota–Becerra was an organizer or leader. *See United States v. Garcia*, 497 F.3d 964, 969–70 (9th Cir.2007).

Cota–Becerra also contends that the district court erred by enhancing his sentence two levels, under U.S.S.G. § 3C1.1, for his obstruction of justice. The district court did not clearly err in determining that Cota–Becerra obstructed justice by threatening his co-conspirator to deter him from testifying. *See* U.S.S.G. § 3C1.1 cmt. n. 4; *United States v. Jackson*, 974 F.2d 104, 106 (9th Cir.1992).

Cota–Becerra further contends that the district court erred by denying him a two-level downward adjustment, under

U.S.S.G. § 3E1.1, for acceptance of responsibility. The district court did not clearly err in determining that Cota–Becerra had not accepted responsibility based on his obstruction of justice and his testimony at the sentencing hearing. *See* U.S.S.G. § 3E1.1 cmt. n. 1(a), 3–5; *United States v. Thompson*, 80 F.3d 368, 370–71 (9th Cir.1996).

Finally, Cota–Becerra contends that his sentence is substantively unreasonable. The district court did not procedurally err and the sentence is not unreasonable in light of the totality of the circumstances and the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Carty*, 520 F.3d 984, 993–94 (9th Cir.2008) (en banc).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).